UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN CRAIN

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 14-12-SCR

**RULING ON MOTION FOR ATTORNEY FEES AND COSTS**

Before the court is the Plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act. Record document number 26. Defendant filed a response.[1]

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

On October 15, 2015 the plaintiff obtained a ruling and judgment in his favor under sentence four of 42 U.S.C. § 405(g). The final decision denying his claim for disability benefits was reversed, and the case was remanded to the Commissioner for application of the proper legal standards, and reevaluation of the plaintiff's claim for benefits. Defendant does not dispute that

---

[1] Record document number 27.

the plaintiff is a prevailing party under the EAJA, and that the other prerequisites for an award of fees and costs under the EAJA are satisfied.[2]  Therefore, plaintiff is entitled to an award under the EAJA, and the court must determine the amount of a reasonable fee award.  Defendant did not contest the number of hours for which the attorneys seek to recover fees.[3]  Defendant, however, opposed the plaintiff's request for a rate of $181.45 an hour for work performed in 2013, and $184.43 an hour for work done in 2014 and 2015.

The amount of reasonable fees the plaintiff is entitled to recover is resolved as follows.

**Hours Reasonably Expended**

The lodestar analysis is used to determine a reasonable fee award under the EAJA.[4]  The first lodestar component is the number of hours for which the attorney seeks compensation.  Defendant did

---

[2] Review of the record also demonstrates that the plaintiff is a prevailing party and the other prerequisites for obtaining fees and expenses under the EAJA are met.  *See*, 28 U.S.C. § 2412(d)(2)(B)(definition of party); *Shalala v. Shaefer,* 509 U.S. 292, 302-03; 113 S.Ct. 2625, 2632 (1993)(prevailing party; timeliness); *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988)(government must pay fees unless it proves its position substantially justified).

[3] Plaintiff also requested recovery of $20.10 in expenses for postage.  Defendant did not object to this request.

[4] *Sanders v. Barnhart,* 2005 WL 2285403 (Sept. 19, 5th Cir. 2005)(unpublished).  The lodestar method is limited in the context of the EAJA by the statutory cap.  *Clevenger v. Chater,* 977 F.Supp 776, n. 6 (M.D. La. 1997).

not oppose the plaintiff's request for fees to compensate his attorneys based on a total of 25.40 hours of work.[5]  Review of the description of the services provided, and the amount of time listed for the services, supports finding that an award based on 25.40 hours of attorney work is reasonable.

### Reasonable Hourly Rate

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A).  Plaintiff requested an hourly rate above the statutory limit based on cost of living adjustments from data on increases in the cost of living in the Dallas-Fort Worth, Texas area.[6]  Plaintiff sought rates of $181.45 an hour for work performed in 2013 and $184.43 an hour for work done in 2014 and 2015.[7]  Defendant opposed this request and argued the rate should be set at $150.00 an hour, which is consistent with the usual rate set for work done in Social Security

---

[5] Record document numbers 26-2 and 26-3, Exhibits A and B.

[6] Record document number 26-4.

[7] Any cost of living adjustment must be made to reflect the hourly rate in the year the services were rendered, not the year the fees are awarded.  *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

3

cases in this district court from 2013 through 2015.[8]

Defendant's arguments and cited cases are persuasive. The hourly rates sought by the plaintiff reflect the maximum amount the plaintiff could obtain - the $125 statutory cap adjusted for increases in the cost of living in the years the work was performed. It is well-established that the statutory rate plus a cost of living increase establishes a ceiling rather than a floor for setting a reasonable hourly rate. The EAJA vests the district court with discretion to arrive at a reasonable hourly rate based on cost of living adjustments and other factors.[9]

Consideration of the statutory cap set, the goals of the EAJA, recent cost of living increases, and the usual hourly rate awarded for attorney's work in Social security cases in this district, supports the conclusion that $150.00 is a reasonable hourly rate to compensate the plaintiff's attorneys. This hourly rate multiplied by 25.40 hours of compensable time, results in a lodestar award of $3,810. When the postage expenses are added, the total EAJA award to the plaintiff is $3,830.10.[10]

---

[8] Record document number 27, Defendant's Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28.U.S.C. Sec. 2412(d), pp. 3 and 4 (citing cases).

[9] See, Clevenger, supra, at 780; Hall v. Shalala, 50 F.3d 367, 369-70 (5th Cir. 1995); Yoes v. Barnhart, 467 F.3d 426 (5th Cir. 2006); Robinson v. Barnhart, 197 Fed.Appx. 368 (5th Cir. 2006).

[10] Under the EAJA fees are not awarded to the attorney, but are awarded to the prevailing litigant, in this case the plaintiff.
(continued...)

Accordingly, the Motion for Attorney Fees and Costs under the Equal Access to Justice Act filed by plaintiff Martin Crain, is granted. Under the EAJA the plaintiff is awarded fees and expenses totaling $3,830.10.

Baton Rouge, Louisiana, December 2, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10](...continued)
*Astrue v. Ratliff,* 560 U.S. 586, 593, 130 S.Ct. 2521, 2526 (2010).